IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RODERICK HAYES, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GJH-17-1783 |
| WALTER WEST[1] and | * | |
| THE ATTORNEY GENERAL OF THE | | |
| STATE OF MARYLAND, | * | |
| Respondents. | * | |

\*\*\*

**MEMORANDUM OPINION**

Self-represented Petitioner Roderick Hayes filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254, challenging his 2010 conviction in the Circuit Court for Howard

County, Maryland for possession of a firearm by a felon, two counts of possession of a stolen

firearm, two counts of wearing, carrying, or transporting a handgun, and theft.  ECF No. 1.  On

August 24, 2017, Respondents filed a Limited Answer arguing that the Petition is time-barred

under 28 U.S.C. § 2244(d).  ECF No. 3.

By Order dated December 8, 2017, this Court stayed the matter pending the United States

Court of Appeals for the Fourth Circuit's decision in *Mitchell v. Green*, No. 17-7450 (4th Cir.),

which considered, *inter alia*, whether a § 2254 petitioner was entitled to statutory tolling of the

limitations period during the time a motion for modification was pending in Maryland state court.

ECF No. 5.  On April 17, 2019, the Fourth Circuit issued its opinion in *Mitchell*, holding that the

petitioner's motion for sentencing reconsideration in that case tolled the statute of limitations

---

[1] Hayes is incarcerated at Eastern Correctional Institution in Westover, Maryland, where the current
Warden is Walter West.  Therefore, the Clerk shall amend the docket with the proper Respondent.  *See*
*Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that "in habeas challenges to present physical
confinement . . . the proper respondent is the warden of the facility where the prisoner is being held).

because it constituted an application "for State post-conviction or other collateral review with respect to the pertinent judgment" under Section 2244(d)(2). *Mitchell v. Green*, 922 F.3d 187, 189, 198 (4th Cir. 2019).

Thereafter, Respondents filed correspondence stating that despite the holding in *Mitchell*, Hayes's Petition is still untimely. ECF No. 7. After the Court lifted the stay, ECF No. 8, Hayes filed a reply arguing that a pending motion for review of his sentence in state court tolled his time for filing the federal habeas Petition. ECF No. 9.

There is no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition is dismissed, and a certificate of appealability shall not issue.

## Background

On February 23, 2010, Hayes was convicted of possession of a firearm by a felon, two counts of possession of a stolen firearm, two counts of wearing, carrying, or transporting a handgun, and theft. Docket Entries at 3-6, ECF No. 3-1. On April 9, 2010, he received an aggregate sentence of 36 years of incarceration. *Id.* at 10.

On April 14, 2010, Hayes filed a notice of appeal as well as a motion for modification of sentence. ECF No. 3-1 at 10. On April 20, 2010, he filed an application for a three-judge panel review of his sentence pursuant to § 8-302 of the Maryland Code, Criminal Procedure Article. *Id.* On April 27, 2010, the circuit court denied his motion for modification. Order, ECF No. 7-1 at 12. Although the circuit court initially convened a panel to review Hayes's sentence, *id.* at 11, the court ultimately denied his request for a three-judge panel review by marginal order dated May

2

12, 2015, after determining that Hayes's application lacked the attestation or acknowledgement required by Md. Rule 4-344, specifically that he understood the discretion of the panel to increase his sentence.[2]  *Id.* at 16.

In an unreported opinion filed on May 4, 2012, the Court of Special Appeals of Maryland affirmed Hayes's convictions.  *Hayes v. State*, No. 442, Sept. Term 2010 (Md. Ct. Spec. App. May 4, 2012).  Hayes then filed a petition for writ of certiorari, which the Court of Appeals of Maryland denied on August 21, 2012.  *Hayes v. State*, 50 A.3d 607 (Table) (Md. 2012).   Hayes did not seek further review in the Supreme Court.  *See* ECF No. 1 at 3.

On March 18, 2013, Hayes filed a petition for post-conviction relief in state circuit court.  ECF No. 3-1 at 11.  After a hearing on January 30, 2014, the post-conviction court denied the petition by memorandum opinion filed on September 19, 2014.  *Id.* at 12.  On October 29, 2014, Hayes filed an application for leave to appeal with the Court of Special Appeals, and it was denied as untimely.  *Id.* at 12-13.  Hayes did not seek further review in the Court of Appeals.  *See* ECF No. 1 at 4.

On June 9, 2015, Hayes filed a motion to reopen post-conviction proceedings.  ECF No. 3-1 at 13. On November 30, 2015, the circuit court denied the motion to reopen, and no application for leave to appeal was taken from that denial.[3]  *Id.*; ECF No. 1 at 5.  Hayes filed a petition for writ of habeas corpus in state circuit court on February 3, 2016.  ECF No. 3-1 at 13.  Following the

---

[2] The circuit court authorized Hayes to execute a proper application, ECF No. 7-1 at 17, which he did on or about December 11, 2017, *id.* at 28-29.  Following a hearing, a new three-judge panel denied relief by order dated June 26, 2018.  *Id.* at 31-35.

[3] From the circuit court docket, it appears that the motion to reopen post-conviction proceedings was denied on November 6, 2015.  Another order was docketed on November 30, 2015, indicating that the post-conviction case had been closed and the motion to reopen "already denied."  ECF No. 3-1 at 13.  In an abundance of caution, the Court shall construe November 30, 2015 as the date of judgment.

denial of the petition on March 23, 2016, Hayes sought further review in the Court of Special

Appeals, which dismissed his appeal on July 12, 2017.  Docket Entries, ECF No. 3-3.

On June 19, 2017, Hayes filed his Petition in this Court.  *See* ECF No. 1 at 7; *Houston v.*

*Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed

on the date it was deposited in the prison mailing system).  He claims that his sentence violated

the Double Jeopardy Clause and constitutes as cruel and unusual punishment, and that the trial

court abused its discretion in admitting a witness's identification testimony.  ECF No. 1 at 6.

## Discussion

The threshold issue in this case is the timeliness of the petition.  Only if the Petition is

timely may the Court reach the merits of Hayes's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons

convicted in state court.  *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011).

Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct
>      review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State
>      action in violation of the Constitution or laws of the United States is
>      removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized
>      by the Supreme Court, if the right has been newly recognized by the
>      Supreme Court and made retroactively applicable to cases on collateral
>      review; or
>
> (D) the date on which the factual predicate of the claim or claims presented
>      could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, Hayes's conviction became final for direct review purposes on November 19, 2012,[4] or 90 days after the Court of Appeals of Maryland denied his petition for writ of certiorari. *See* Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought).  He filed his petition for post-conviction relief in state circuit court 119 days later, on March 18, 2013, thus leaving 246 days in the one-year period.  The limitations period remained tolled until September 19, 2014, when the post-conviction petition was denied.

Forty days after the denial of post-conviction relief, Hayes filed an application for leave, which the Court of Special Appeals dismissed as untimely.  *See* Md. Rule 8-202(a) ("the notice of appeal shall be filed within 30 days after entry of the judgment or order from which the appeal is taken").  Because the application was untimely, it was not deemed "properly filed" pursuant to § 2244(d)(2) and therefore did not toll the limitations period.  *See Evans v. Chavis*, 546 U.S. 189, 191 (2006).  Thus, between the date on which Hayes should have but failed to file a timely application for leave to appeal from the denial of post-conviction relief, October 20, 2014, and the

---

[4] Although Hayes filed a motion for modification of sentence, it had no tolling effect because it was denied on April 20, 2010, before the judgment of conviction became final on November 19, 2012, and the limitation period had not yet begun to run.

date on which he filed a motion to reopen post-conviction proceedings, June 9, 2015, another 232

days elapsed, leaving 14 days in the one-year period.

The limitations period remained tolled until November 30, 2015, when the circuit court

denied Hayes's motion to reopen.  Hayes did not file an application for leave to appeal from that

judgment and, therefore, the one-year clock began to run again on December 31, 2015.  Hayes

filed a state petition for a common law writ of habeas corpus 34 days later, on February 3, 2016,

by which time the one-year period for filing a Petition in federal court had expired by 20 days.

Between the date on which the circuit court issued its unappealable order denying the state habeas

petition, March 23, 2016, and the date on which Hayes filed the Petition in this Court, June 19,

2017, another 453 days elapsed.  In sum, Hayes's federal habeas Petition was filed 473 days too

late.

In his reply, Hayes contends that the one-year period should have been tolled from the time

he filed his application for a three-judge panel review on April 20, 2010, and the time the

application was heard and ultimately denied, June 26, 2018.  Hayes's initial application, however,

was defective because it lacked the attestation or acknowledgement required by Md. Rule 4-344.

Therefore, it was not "properly filed" pursuant to § 2244(d)(2) and did not toll the limitations

period.  *See generally Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that the "properly filed"

criterion is satisfied when a state application is filed in compliance with applicable laws and rules

governing filings, including those that prescribe "the form of the document").  Although Hayes

filed a valid second application on December 11, 2017, the one-year limitations period had elapsed

by that time.

The Petition is time-barred under 28 U.S.C. § 2244(d).  As Hayes has not stated a basis for

equitable tolling, the Petition shall be dismissed.

**Certificate of Appealability**

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). Because Hayes fails to satisfy this standard, the Court declines to issue a certificate of appealability. Hayes may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**Conclusion**

For the foregoing reasons, the Court will dismiss the Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability. A separate Order follows.


<u>September 14, 2020</u>                    /s/_____
Date                                          GEORGE J. HAZEL
                                              United States District Judge